# In the United States Court of Federal Claims

| | |
|---|---|
| HARRY EDWIN MILES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 24-cv-1932<br><br>Filed: January 3, 2025 |

## ORDER

On November 19, 2024, Plaintiff Harry Edwin Miles, proceeding *pro se*, filed a Complaint against the United States and thirty-seven federal judges and prosecutors in this Court.[1] Complaint (ECF No. 1) (Compl.) at 1–2.[2] Each of the individual Defendants crossed paths with Plaintiff during one of his many collateral attacks on his 2005 arrest and subsequent conviction. Compl. at 5–6 (noting that "each [Defendant] has responded with statutory laws against [Plaintiff's] interests"). Put differently, these individuals all either ruled against or represented the United States against Plaintiff in one of his many collateral attacks on his conviction. *See* Compl. at 5–6; Case List at 23.

Along with his Complaint, Plaintiff moved to proceed *in forma pauperis* (IFP). Application to Proceed *In Forma Pauperis* (ECF No. 2) (IFP Application). On November 26,

---

[1] Plaintiff uses "prosecutor" to refer to all government attorneys, even "trial attorneys" such as Nathanael Yale, the DOJ counsel who represented the United States in a 2014 case Plaintiff brought in this Court. *See* Compl., Attach. B (ECF No. 1-2) at 22–23 (Case List); *Miles v. United States*, No. 14-416, 2014 WL 5020574, at *1 (Fed. Cl. Oct. 6, 2014). For clarity and consistency, this Court adopts Plaintiff's broad use of the term "prosecutor."

[2] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

2024, the Court received two deficient pleadings from Plaintiff. The Deficient Filings include a "List of Additional Defendant(s) Numbers (39) through (47)" (List of Additional Defendants) and a "Notice to Clerk and Trustee" (Notice) (collectively, Deficient Filings). Pending before this Court are Plaintiff's Deficient Filings and Plaintiff's IFP Application.

Turning first to Plaintiff's Deficient Filings, the List of Additional Defendants seeks to add nine additional Defendants to the case while the Notice seeks to correct what Plaintiff alleges are clerical errors on the docket. The Deficient Filings resulted in the deficiencies identified in the attached Deficiency Memorandum. The Deficient Filings shall be filed by the Court's leave.

Construing *pro se* Plaintiff's pleadings liberally, the Court interprets the List of Additional Defendants as a supplement to his original Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Payne v. United States*, 139 Fed. Cl. 499, 506 (2018) ("Because of plaintiff's *pro se* status, the court considers both [the amended or original] complaints."). Pursuant to Rule 15(a)(1)(A), Plaintiff is entitled to amend his Complaint once within 21 days of filing his Complaint. Rule 15(a)(1)(A) of the Rules of the United States Court of Federal Claims (Rules(s)). As Plaintiff's List of Additional Defendants was received by the Court seven days after Plaintiff filed his original Complaint, this amendment is timely. *Id.* Accordingly, the Court construes Plaintiff's List of Additional Defendants as a supplement to his original Complaint.

Next, the Court considers Plaintiff's IFP Application. Plaintiff moves to proceed *in forma pauperis* and forgo the $405 filing fee required to file a complaint in the United States Court of Federal Claims. *See* IFP Application. The relevant statute, 28 U.S.C. § 1915(a)(1), provides that courts "*may* authorize the commencement . . . of any suit, action or proceeding . . . without

2

prepayment of fees." 28 U.S.C. § 1915(a)(1) (emphasis added).[3] The plain text of Section 1915, which uses the permissive "may," "permits, but does not require, a court to allow a party to proceed without paying the requisite fees." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) ("Proceeding *in forma pauperis* . . . is a privilege, not a right.") (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). Courts have discretion to grant or deny *in forma pauperis* status to litigants under Section 1915(a)(1). *Straw v. United States*, No. 2021-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (citing *Martin v. D.C. Ct. of Appeals*, 506 U.S. 1, 3 (1992)) ("Courts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings."); *see also Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020) (first citing *Denton v. Hernandez*, 505 U.S. 25, 33–34 (1992), and then citing *Bryant*, 618 F. App'x at 685) (noting that the Federal Circuit reviews denial of IFP Applications for abuse of discretion). Beyond this Court's discretion, courts "ha[ve] a duty to deny *in forma pauperis* status to those individuals who have abused the system." *In re Sindram*, 498 U.S. 177, 180 (1991); *see also Grant v. United States*, 129 Fed. Cl. 790, 793 (2017) ("Based on plaintiff's history of vexatious and duplicative litigation, the court finds that plaintiff is not entitled to a waiver of the filing fee."). This is because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

---

[3] Section 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such *prisoner* possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (emphasis added). Despite the reference to "prisoner" in Section 1915(a)(1), a "number of courts . . . have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court." *Brestle v. United States*, 139 Fed. Cl. 95, 102 n.6 (2018) (collecting cases); *see also Straw v. United States*, No. 2021-1600, 2021 WL 3440773, at *5–7 (Fed. Cir. Aug. 6, 2021) (affirming Court of Federal Claims' denial of *in forma pauperis* status to non-prisoner); *Manning v. United States*, 123 Fed. Cl. 679, 684 (2015) ("Section 1915 applies to all *in forma pauperis* filings, not only prisoner filings.").

3

malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, "[i]t is vital that the right to file *in forma pauperis* not be incumbered by those who would abuse the integrity of our process by frivolous filings." *Zatko v. California*, 502 U.S. 16, 18 (1991).

Turning to the instant action, Plaintiff has demonstrated a clear history of frivolous and abusive filings in federal court that implicate this Court's duty to deny Plaintiff IFP status. The attachments to Plaintiff's Complaint illustrate his history of abusive litigation tactics in frivolous cases. Plaintiff attaches the criminal docket sheet from his 2005 drug trafficking conviction. Compl., Attach. A (ECF No. 1-2) at 2–21 (Criminal Docket). The Criminal Docket contains several admonitions by the Honorable Joe B. McDade, a senior judge for the United States District Court for the Central District of Illinois, and by the United States Court of Appeals for the Seventh Circuit regarding Plaintiff's frivolous and unrelenting litigation conduct. Criminal Docket at 15, 17, 19. For example, Judge McDade noted on the docket on October 6, 2009, that: "[t]his appeal is not taken in good faith. There are no reasonable basis for an appeal. Defendant was convicted for a drug offense and . . . [t]he conviction was affirmed . . . , a decision that defendant refuses to accept." *Id.* at 15. On November 15, 2012—over seven years after Plaintiff's criminal trial—Judge McDade again addressed Plaintiff following a string of filings, stating, "Defendant Miles, your criminal case is over; it is terminated. Your conviction and sentence is final. The Court has lost all patience in trying to make you understand that." *Id.* at 17.

Beyond admonitions and obvious frustration, both the United States District Court for the Central District of Illinois and the Seventh Circuit have sanctioned Plaintiff for his vexatious litigation conduct. *See id.* at 18, 19. In February 2013, at the suggestion of the Seventh Circuit, Judge McDade fined Plaintiff $1,000 for filing a "Third Party Notice . . . and Motion to Dismiss" under a pseudonym. *United States v. Miles*, Case No. 5-40051, ECF No. 158, slip op. at 1–2 (C.D.

4

Ill. Feb. 4, 2013) ("The paper is signed by 'Jerry Clark' who refers to himself as 'Third Party Intervener.' In light of the history of this case and coming within days of the Appellate Court's Mandate, this Court is comfortable in viewing this filing (Doc. 157) as bogus and the handiwork of Miles in his continued pursuit of challenging his conviction."). Judge McDade further referenced Plaintiff's "specious and sometimes fanciful arguments," which he described as "typically obdurate in their disregard of court orders and prior rulings, and without regard to the requirements of Rule 11." *Id.* at 1. Two years later, the Seventh Circuit imposed a $500 fine on Plaintiff "because this frivolous argument has already been litigated multiple times." *In Re Harry Miles*, No. 15-1980, slip op. at 2 (7th Cir. June 9, 2015). The Seventh Circuit further barred Plaintiff "from filing further civil suits in the courts of" the Seventh Circuit until he paid his fines or his convictions became final. *Id.* As of November 2024, Plaintiff still has not paid the $1,5000 in fines. *See* List of Additional Defendants, Attach. B at 12–13 (docket sheet noting that as of November 25, 2024, Plaintiff has not yet paid the fines imposed).

Plaintiff's Case List, attached to his Complaint, further illustrates his abusive litigation tactics. *See* Case List at 23. The Case List includes the names and numbers of the cases he has filed in various courts and the names of Defendants "[a]ttached" to those cases. Compl. at 6; Case List at 23. Put differently, these individuals represented the United States against or ruled against Plaintiff in his collateral attacks on his conviction. *See* Case List at 23. For example, Judge McDade is named a Defendant in this action. Compl. at 1–2. This is not the only time Plaintiff has sued Judge McDade in the last two months. *See* Case List at 23 (listing Judge McDade as Defendant in multiple cases); Compl., Attach. C (ECF No. 1-2) at 25–28 (C.D. Cal. Compl.) (attaching complaint from a case filed in October 2024 in the United States District Court for the Central District of California listing Judge McDade as a defendant). Plaintiff's case against Judge

5

McDade was subsequently transferred from the Central District of California to the Central District of Illinois, where the Honorable Jonathan E. Hawley, a United States District Judge in the Central District of Illinois, dismissed Plaintiff's complaint. Compl. at 6–7; List of Additional Defendants, Attach B. at 10–13. The next day, Plaintiff amended his Complaint to include Judge Hawley as an additional Defendant here.[4] List of Additional Defendants at 1; *id.*, Attach. B at 10–13.

Indeed, the instant action embodies Plaintiff's abusive and frivolous litigation tactics as it is duplicative and malicious. To begin, it appears to be nearly identical to the case Plaintiff filed against Judge McDade on October 8, 2024 in the Central District of California. C.D. Cal. Compl. at 25–28. The statement of facts there are nearly identical to the facts pled in the instant Complaint. *Compare*, Compl. at 4–5, *with* C.D. Cal. Compl. at 26–27. Plaintiff makes the same assertions about his immunity to state or federal laws. *See* Compl. at 7–8 ("As a State Citizen, non-decedent, non-resident alien, Harry-Edwin: Miles, a natural man, . . . is immune and is not subject to any acts, codes, ordinances, regulations, Rules or statutes."); C.D. Cal. Compl. at 28 ("As a State Citizen, non-decedent, non-resident alien, Harry-Edwin: Miles, a natural man, NOT a 14th Amendment citizen . . . is immune and is not subject to any acts, codes, ordinances, regulations, Rules or statutes."). In both actions, Plaintiff asks the Court to enter a nearly identical proposed order. Compl. at 8; Compl., Attach. H (ECF No. 1-2) at 40–42 (Proposed Order); Compl., Attach. F (ECF No. 1-2) at Attach. 2 at 53–55 (proposed order filed by Plaintiff in Central District of Illinois case). Both complaints challenge Plaintiff's 2005 conviction and as such join in

---

[4] Plaintiff also names as Defendants here the Honorable Judge Lynn J. Bush, who presided over, and Nathanael B. Yale, who represented the defendant United States in Plaintiff's previous five cases in Court of Federal Claims, as Defendants. Case List at 23; *Miles v. United States*, No. 14-416, 2014 WL 5020574, at *1 (Fed. Cl. Oct. 6, 2014); Compl. at 1–2. Indeed, in those cases, Judge Bush found Plaintiff's claims to be frivolous. *Miles*, 2014 WL 5020574, at *2–5.

6

duplicating Plaintiff's many other efforts to do so.  *See*, *e.g.*, Criminal Docket at 15, 17, 19; Case List at 23.  Beyond the duplicative nature of this case, Plaintiff's theories appear to be based on the frivolous sovereign citizen theory.[5]

Finally, this action is yet another collateral attack on Plaintiff's nearly two-decades-old conviction that he brings entirely against judges and prosecutors who have crossed legal paths with Plaintiff.  Compl. at 5–6 ("[E]ach [Defendant] has responded with statutory laws against [Plaintiff's] interests"); List of Additional Defendants at 2 (same).  Not only do Plaintiff's claims against these officers of the court appear to be malicious and in bad faith, but claims against

---

[5] Plaintiff's claims bear the hallmarks of sovereign citizen claims.  Sovereign citizen claims often include (i) belief that the individual is not subject to the laws of the United States as they are a non-United States citizen; (ii) reference to an alternative entity of the plaintiff, such as a trust in the plaintiff's own name that has an alternative spelling, including colons, dashes, or all capital letters; and (iii) invocation of redemption of a trust account held under the sovereign citizen's social security account.  *See Doiban v. United States*, 173 Fed. Cl. 527, 527, 531 n.1, 547 (2024); *Robinson v. United States*, No. 24-166, 2024 WL 4524743, at *6–7 (Fed. Cl. Sept. 17, 2024); *Ammon v. United States*, 142 Fed. Cl. 210, 214–16 (2019); *Potter v. United States*, 161 Fed. Cl. 24, 28 (Fed. Cl. 2022) (describing redemption).  Plaintiff here hits the sovereign citizen hat trick.  He (i) alleges that he is not a Fourteenth Amendment United States citizen subject to the laws of the United States, Compl. at 2–3, 7–8; Notice at 2 (referencing "meaningless Statutes that do not apply to State Citizens such as [plaintiff]"); (ii) refers to himself as the beneficiary of his own trust, bringing this action as the beneficiary of this trust, and spelling his name with a colon and en dash, Compl. at 1; Notice at 1; and (iii) references his "Social Security Trust Account," Compl. at 8.

The Federal Circuit, this Court, and other Judges of the Court of Federal Claims have uniformly found that the Court of Federal Claims lacks jurisdiction over claims based on the sovereign citizen theory as it is invalid and frivolous.  *See Walby v. United States*, 957 F.3d 1295, 1302–03 (Fed. Cir. 2020) (affirming Court of Federal Claims' sua sponte dismissal of "patently frivolous" suit brought by sovereign citizen asserting non-citizenship); *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020) (holding that "essentially fictitious" and "obviously frivolous" claims fall outside the Court of Federal Claims' jurisdiction); *Ausar Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *3 (Fed. Cl. Nov. 21, 2024); *Doiban*, 173 Fed. Cl. at 547–48; *Robinson*, 2024 WL 4524743, at *7 ("It is well-established that the Court of Federal Claims lacks jurisdiction over sovereign citizen claims."); *Ammon*, 142 Fed. Cl. at 220 (quoting *Mitchell v. United States*, 136 Fed. Cl. 286, 288 (2018)) ("Such claims 'are frivolous and cannot serve as the basis for this Court's assertion of jurisdiction.'").

individual defendants fall plainly outside of this Court's jurisdiction.[6]  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Barksdale v. United States*, --- Fed. Cl. ----, 2024 WL 4834646, at *8 (2024) (holding that Court lacks jurisdiction over claims against federal judges).

Accordingly, as Plaintiff has a demonstrated history of frivolous and abusive filing, "the Court finds that plaintiff is not entitled to a waiver of the filing fee." *Grant*, 129 Fed. Cl. at 793; *see* 28 U.S.C. § 1915(a)(1) (noting that the Court "may authorize commencement . . . of any suit . . . without prepayment of fees"); *see Straw*, 2021 WL 3440773, at *5 ("Courts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings.").  This Court declines to spend more of its limited resources to review and substantively address Plaintiff's claims absent the payment of the Court's filing fee. Exercising its inherent authority to manage its own docket, and in the interest of judicial economy, the Court does not reach the ultimate question of whether Plaintiff's present claims are frivolous before Plaintiff pays his filing fee.  *See Level 3 Commc'ns v. United States*, 724 F. App'x 931, 934

---

[6] While this Court does not reach the ultimate question of jurisdiction in this order, a cursory look at Plaintiff's claims shows that they likely fall outside of that limited jurisdiction even if construed as being brought against the United States.  For example, this Court cannot hear claims that challenge the decision of another court. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]o the extent that [plaintiff] is seeking it, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts.").  Further, given the similarity between Plaintiff's complaint filed in the Central District of California and transferred to the Central District of Illinois and his Complaint in this case, Plaintiff's claims are likely barred by 28 U.S.C. § 1500. 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim . . . which the plaintiff . . . has pending in any other court any suit . . ."); *see also Brandt*, 710 F.3d 1369, 1375 (Fed. Cir. 2013) (noting that whether another suit or process is pending in another court "is determined at the time the complaint is filed with the Court of Federal Claims"); *Chavez v. United States*, 24-1205, 2024 WL 5103362, at *1 (Fed. Cir. Dec. 13, 2024). Indeed, "The Court of Federal Claims is a court of limited jurisdiction." *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014).

(Fed. Cir. 2018) (quoting *Link v. Wabash R. Co.*, 670 U.S. 626, 630–31 (1962)) (affirming the Court of Federal Claims' use of "certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'"); *Straw*, 2021 WL 3440773, at *5 (citing *Martin v. D.C. Ct. of Appeals*, 506 U.S. 1, 3 (1992)) ("Courts have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings.").

Accordingly, as Plaintiff may not proceed *in forma pauperis*, he must pay the $405.00 filing fee to proceed with this action.[7] Plaintiff is ordered to pay the $405.00 filing fee within 21 days of this Order. Plaintiff is advised that this action will be dismissed for failure to prosecute under Rule 41 should Plaintiff fail to timely comply with this Order. Rule 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, the court may dismiss on its own motion . . . the action."); *see Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1184 (Fed. Cir. 1990) (affirming dismissal under Rule 41(b) after plaintiff was "specifically warned" its complaint

---

[7] Even if Plaintiff did not have such a prolific history of vexatious litigation, the Court would likely deny his IFP Application as it fails to provide adequate information necessary for the Court to assess his ability to pay the filing fee. Plaintiff's IFP Application does meet the basic requirements as it is a sworn statement disclosing his assets. *See* IFP Application at 1–2; 28 U.S.C. § 1915(a)(1). Yet Plaintiff's Application curiously indicates that he has not received any income in the past twelve months, has no money in cash or a savings account, owns no property, and has no debts or financial obligations. IFP Application at 1–2. Put differently, Plaintiff responded "no" to each question about his financial situation. Other district courts to encounter similar situations have found that such a filing does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees" or to "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023); *see also Cason v. Middlesex Cnty. Prosecutor Off.*, No. 22-5503, 2023 WL 5671560, at *2 (D.N.J. Sept. 1, 2023) (denying IFP application where Plaintiff answered no to all relevant questions); *Anderson v. Tate*, No. 24-3415, 2024 WL 4251254, at *2 (N.D. Ga. Aug. 13, 2024) (noting that the lack of information in plaintiff's IFP application "leads the Court to believe that Plaintiff has neither truthfully nor completely reported her financial situation and thus to seriously doubt the veracity of her IFP application and supporting affidavit"). Accordingly, Plaintiff's IFP Application does not provide sufficient information for this Court to assess his financial situation and whether he can afford to pay the Court's filing fee.

may be dismissed for failure to prosecute); *Cassaday v. United States*, No. 2024-2072, 2024 WL 4554022, at *1 (Fed. Cir. Oct. 23, 2024) (citing *Bryant*, 618 F. App'x at 686) ("[T]he Court of Federal Claims acted well within its discretion in dismissing the action after notifying [Plaintiff] and giving him several weeks to pay or move to waive the fee."). Plaintiff is further advised that his filing fee will not be returned if this Court later dismisses this action.

## CONCLUSION

Plaintiff's Deficient Filings shall be filed by leave of the Court. The Clerk of Court is **DIRECTED** to docket the Deficient Filings identified in the attached deficiency memorandum. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**. Plaintiff is **ORDERED** to pay the $405.00 filing fee within 21 days of this Order, by January 24, 2025, and is advised that failure to timely do so will result in the dismissal of this action for failure to prosecute pursuant to Rule 41(b). Defendant's obligation to respond to this Complaint is **STAYED**. Should Plaintiff timely pay the Court's filing fee, Defendant shall **RESPOND** to Plaintiff's Complaint within 30 days of the docketing of Plaintiff's payment.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge