# In the United States Court of Federal Claims

HARRY EDWIN MILES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 24-cv-1932

Filed: February 7, 2025

## ORDER

Plaintiff Harry Edwin Miles, proceeding *pro se*, brings this case against the United States and forty-six federal judges and prosecutors.[1]  Plaintiff, who has spent two decades collaterally attacking a 2005 arrest and subsequent conviction, appears to bring this action as another challenge to his conviction.  His claims are directed towards the judges and attorneys who have ruled—or have represented the United States—against Plaintiff in one of his many lawsuits.  Such claims, however, are not the types of claims that this Court has jurisdiction to consider.  Indeed, it is well-established that this Court is not a forum for all federal claims; rather it is one of limited jurisdiction.  *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014).  As

---

[1] Plaintiff entitled this initial filing an "EX PARTE ORDER INVOKING A COURT OF EQUITY DUE TO EXIGENT CIRCUMSTANCES AND, ORDER TO AWARD DAMAGES FOR FRAUD, THEFT, TAX EVASION, MISREPRESENTATION, TRUST FRAUD AND DAMAGES TO BENEFICIARY'S PROPERTY BY DEFENDANTS." Compl. at 1.  The Court understands this initial filing that lays out Plaintiff's facts and claims to be a Complaint and treats it as such.  Further, Plaintiff purports to bring this suit as the beneficiary of his own trust.  *See* Complaint (ECF No. 1) (Compl.) at 1 (referring to self as "beneficiary and Secured Party Creditor . . . to the HARRY EDWIN MILES TRUST/ESTATE").  But a trust cannot be represented *pro se*.  *See* Rule 83.1(a)(3) of the Rules of the United States Court of Federal Claims (Rule(s)); *Lisa Richardson-Henderson Tr. v. United States,* No. 23-CV-1896, 2024 WL 3688527, at *1 n.1 (Fed. Cl. Aug. 6, 2024) (citing *Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012)).  Therefore, the Court liberally construes Plaintiff's complaint as asserting claims and seeking recovery in his personal capacity.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's claims fall outside of this Court's limited jurisdiction, Plaintiff's Complaint must be **DISMISSED** pursuant to Rule 12(h)(3).

## BACKGROUND

On November 19, 2024, Plaintiff, filed his Complaint in this Court. *See* Complaint (ECF No. 1) (Compl.) at 7–8.[2] At the same time, Plaintiff moved to proceed *in forma pauperis*, which application this Court denied on January 3, 2025. *See* Application to Proceed *In Forma Pauperis* (ECF No. 2) (IFP Application); IFP Order. After denying Plaintiff's IFP Application, this Court ordered Plaintiff to pay the $405 filing fee within 21 days of the IFP Order—by January 24, 2025. IFP Order at 9–10. On January 21, 2025, the Clerk of Court received Plaintiff's filing fee payment.

Plaintiff initially brought this action, styled as a "trust action," against 38 federal judges and prosecutors.[3] Compl. at 1–2. On November 26, 2024, Plaintiff filed two deficient pleadings, which were filed together by leave of the Court on January 3, 2025. *See* Notice to Clerk and Trustee (ECF No. 11) (Notice); List of Additional Defendant(s) Numbers (39) through (47) (ECF No. 11-1) (Supplement or Supp.); IFP Order at 2. One of those deficient pleadings, the Supplement, sought to add nine additional Defendants to the case. Supp. at 2. In accepting the deficient pleadings, this Court liberally construed Plaintiff's Supplement as an amendment to the Complaint. IFP Order at 2. Accordingly, the Court understands Plaintiff's claims as proceeding against the United States and 46 other federal judges and prosecutors. Compl. at 1–2; Supp. at 2.

---

[2] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[3] Plaintiff uses "prosecutor" to reference all government attorneys, even "trial attorneys" such as Nathanael Yale, who represented the United States in five cases Plaintiff brought in this Court in 2014. *See generally* Compl., Attach. B (ECF No. 1-2) at 22–23 (Case List); *Miles v. United States*, No. 14-416, 2014 WL 5020574, at *1 (Fed. Cl. Oct. 6, 2014). For consistency, this Court adopts Plaintiff's broad use of the term "prosecutor" when referring to the government attorneys listed in the Complaint.

Plaintiff asserts that the Defendants are "[t]ogether exercising a cabal out of the UNITED STATES DISTRICT and APPELLATE COURTS for the SEVENTH (7th), NINTH (9th) and DISTRICT OF COLUMBIA CIRCUITS." Compl. at 2. He claims that each of the non-United States Defendants were "contacted" by him, but "responded with statutory laws against [Plaintiff's] interests." *Id.* at 5–6; Amend at 2. As noted, these claims generally appear to stem from Plaintiff's 2005 arrest and conviction and Plaintiff's subsequent collateral attacks on that arrest and conviction. Compl. at 4–7.

According to Plaintiff, in 2005 he "was arrested and illegally detained" in Illinois, during which time his property was "confiscated, impounded, and ultimately illegally sold by Defendant(s)." *Id.* at 4. Plaintiff specifically alleges during the course of his criminal case Defendants (i) unilaterally "usurped [his] title," changing his "title to that of 'Trustee' so as to hold him as Surety" for that case; (ii) forced Plaintiff to change his plea "from innocent to one of not guilty;" and (iii) forced him "to endure a Star Chamber trial." *Id.* at 4. Plaintiff further alleges that the Defendants committed "fraud, trust fraud, identity theft, tax evasion, kidnapping, and theft of personal property." *Id.* at 7.

After his conviction in 2005, Plaintiff took to the court system. *Id.* at 4–7; *see also* Compl., Attach. B (ECF No. 1-2) at 22–23 (Case List). Plaintiff's Case List, attached as an exhibit to his Complaint, includes the names and numbers of the cases he has filed and which Defendants are "[a]ttached" to those cases. Compl. at 6; Case List at 22–23. For example, the Case List includes multiple cases against the judge who sentenced him for his 2005 offense, the Honorable Joe B. McDade, a district judge of the United States District Court for the Central District of Illinois. Case List at 22–23 (listing Judge McDade as Defendant in multiple cases); Compl. at 1 (listing Judge McDade as Defendant in present action).

This Court's IFP Order explains Plaintiff's extensive history of vexatious litigation. IFP Order at 4–8. As noted, Plaintiff has continued to contest his conviction in his original criminal case. *See, e.g.*, *id.*; Compl., Attach. A (ECF No. 1-2) at 2–21 (Criminal Docket) (docket of Plaintiff's 2005 criminal case). A brief review of the Case List or Criminal Docket reflects that Plaintiff is a vexatious litigant. *See, e.g.*, Case List; Criminal Docket at 15 (Text Order, dated Oct. 6, 2009: "The motion is denied. This appeal is not taken in good faith. There are no reasonable basis for an appeal. Defendant was convicted for a drug offense and . . . [t]he conviction was affirmed . . . , a decision that defendant refuses to accept."); *id.* at 17 (Docket Text of ECF No. 145: "Defendant Miles, your criminal case is over; it is terminated. Your conviction and sentence is final. The Court has lost all patience in trying to make you understand that."). After multiple appeals and many rejected filings, Judge McDade—at the suggestion of the United States Court of Appeals for the Seventh Circuit—fined Plaintiff $1,000 for his litigation conduct, which involved Plaintiff filing a pleading under a false name. *See United States v. Miles*, Case No. 5-40051, ECF No. 158 (C.D. Ill. Feb. 4, 2013) (fining Plaintiff for his litigation tactics, which involved "specious and sometimes fanciful arguments, typically obdurate in their disregard of court orders and prior rulings, and without regard to the requirements of Rule 11."). Undeterred by the District Court's $1,000 fine, Plaintiff continued his previously sanctioned litigation tactics to overturn his 2005 conviction, and subsequently was fined $500 by the Seventh Circuit in 2015. *In Re: Harry Miles*, No. 15-1980 (7th Cir. June 9, 2015).

Plaintiff's most recent collateral attack is discussed in detail in his Complaint. Compl. at 6–7. For ease of reference, the Court references it as Plaintiff's District Court Action. Plaintiff initially filed his District Court Action in the United States District Court for the Central District of California on October 8, 2024. *See id.* at 6; *id.*, Attach. C (ECF No. 1-2) at 25–28 (District

Court Action Compl.) (attaching complaint from a case in the United States District Court for the Central District of California listing Judge McDade as a defendant).  Just over a week later, the case was transferred to the Central District of Illinois.  *See* Compl. at 6; *id.*, Attach. D (ECF No. 1-2) (docket sheet for Central District of California case number 24-8635, showing that on October 16, 2024 the case was transferred to the Central District of Illinois at ECF No. 5); *id.*, Attach. E (ECF No. 1-2) at 34–36 (C.D. Ill. Docket).  On November 25, 2024, the Honorable Jonathan E. Hawley struck Plaintiff's latest filing from the docket for failure to pay the $1,500 in fines owed to the District Court and Seventh Circuit.[4]  Supp., Attach. B (ECF No. 11-1) at 10–13 (Updated C.D. Ill. Docket).

In the instant case, Plaintiff moves the Court to act as his trustee and exercise equitable jurisdiction over his case.  Compl. at 2–3.  Along with the Complaint, Plaintiff attached a Proposed Order.  Compl., Attach. H (ECF No. 1-2) at 40–42 (Proposed Order).  The Proposed Order includes a variety of relief sought by Plaintiff, which includes, among other items, (i) $55,000 for a motor home that was seized and forfeited as part of his criminal conviction; (ii) $19,623,421,739.13 plus interest totaling $1,565,217.39 per day until paid based on a schedule of fines in the attached "True Bill";[5] (iii) revocation of the individual Defendants' bar licenses; (iv) reporting of the individual Defendants for "illegal Trust violations and Tax Evasion scheme(s)"; and (v) providing bond information about Plaintiff's cases.  *Id.* at 40–42; *see also* Compl. at 8 (requesting the Court enter the relief sought in the Proposed Order).

---

[4] The day after Judge Hawley struck Plaintiff's complaint from the docket in the Central District of Illinois action, Plaintiff amended his Complaint in the present action to add Judge Hawley as a Defendant.  *See* Supp. at 1; Updated C.D. Ill. Docket at 13.

[5] Compl., Attach. G (ECF No. 1-2) at 38 (True Bill) (list of individual charges that itemizes monetary claims based on violations by Defendants).

**APPLICABLE LEGAL STANDARD**

It is well-established that this Court is not a forum for all federal claims; rather it is one of limited jurisdiction. *See Marcum*, 753 F.3d at 1382 ("The Court of Federal Claims is a court of limited jurisdiction."). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson*, 551 U.S. at 94. Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

This Court must dismiss claims outside its jurisdiction. Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also Lofton v. United States*, No. 24-1959, 2025 WL 350360 (Fed. Cir. Jan. 31, 2025) (affirming *sua sponte* dismissal of claims for lack of jurisdiction); *D'Agostino v. United States*, No. 2024-1319, 2024 WL 4758571 (Fed. Cir. Nov. 13, 2024) (same).

## DISCUSSION

In its IFP Order, this Court previewed that it likely lacked jurisdiction over Plaintiff's claims. *See* IFP Order at 7 & n.5, 7–8, 8 n.6. Namely, the Court recognized that (i) Plaintiff's claims may be based on a sovereign citizen theory, over which this Court lacks jurisdiction, *id.* at 7 n.5; (ii) Plaintiff's claims against individual judges and prosecutors "fall plainly outside of this Court's jurisdiction," *id.* at 7–8 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); (iii) this Court cannot hear Plaintiff's claims to the extent they challenge the decision of another court, *id.* at 8 n.6 (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); and (iv) Plaintiff's claims are likely barred by 28 U.S.C. § 1500 given the similarity between the present action and Plaintiff's similar complaint originally filed in the United States District Court for the Central District of California, *id.* (first citing 28 U.S.C. § 1500, and then citing *Brandt v. United States*, 710 F.3d 1369, 1375 (Fed. Cir. 2013)). At that juncture, the Court "decline[d] to spend more of its limited resources to review and substantively address Plaintiff's claims absent the payment of the Court's filing fee." *Id.* at 8. Rather, the IFP Order focused on Plaintiff's

7

extensive history of frivolous filings to conclude that he was not eligible to proceed *in forma pauperis*. *Id.* at 2–9.

Now that Plaintiff has paid the filing fee, the Court must consider whether it has jurisdiction over Plaintiff's claims. It does not. As an initial matter, while Plaintiff's claims are directed at various judges and government attorneys, it is well-established that this Court lacks jurisdiction over all claims not brought against the United States. After the claims against the individual Defendants fall away, all that remains are Plaintiff's attempts to relitigate his 2005 arrest, which this Court also lacks jurisdiction to consider. Accordingly, the Court must dismiss Plaintiff's claims. *See* Rule 12(h)(3).

## I.  This Court Lacks Jurisdiction over Claims Against Individual Defendants.

Plaintiff levies a series of claims, including tort and criminal law claims, against individual federal judges and prosecutors. *See* Compl. at 1–8; Supp. at 2. These claims fall squarely outside of this Court's limited jurisdiction.

*First*, it is well-established that this Court lacks jurisdiction to hear claims against federal officials. 28 U.S.C. § 1491; *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see also Lofton*, 2025 WL 350360, at *1 ("The United States is the only proper defendant in the Claims Court."); *Barksdale v. United States*, 174 Fed. Cl. 168, 177 (2024) (holding Court lacked jurisdiction over claims against federal judges). Accordingly, this Court lacks jurisdiction over all of Plaintiff's claims brought against the 46 individual federal judges and prosecutors named as Defendants. Compl. at 1–2; Supp. at 1.

*Second*, this Court lacks jurisdiction to hear Plaintiff's claims alleging the individual Defendants committed torts or violated criminal law. Compl. at 2–8. It is axiomatic that this Court lacks jurisdiction over claims sounding in tort and over criminal matters generally. *See* 28 U.S.C.

8

§ 1491(a)(1); *Brown*, 105 F.3d at 623; *Joshua*, 17 F.3d at 379; *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011). Plaintiff repeatedly lodges allegations of criminal law violations and torts purportedly committed by these individual Defendants. *See* Compl. at 2–8. Indeed, Plaintiff's True Bill, attached to Plaintiff's Complaint, contains itemized damages for their acts sounding in tort or criminal law. *See* True Bill (ECF No. 1-2) at 38. These, for example, include "Deprivation of Rights," "Detainment/Arrest,"[6] "Damage to real Property," and "Trespass Armed." True Bill at 38. Similarly, Plaintiff's Complaint claims that Defendants have "committed among their many illegal acts: fraud, trust fraud, identity theft, tax evasion, kidnapping, and theft of personal property." Compl. at 7. This Court plainly lacks jurisdiction over these criminal or tort claims and would lack jurisdiction even if these actions by the individual Defendants could be imputed against the United States. *See Brown*, 105 F.3d at 623; *Joshua*, 17 F.3d at 379. Accordingly, on this basis as well, this Court lacks jurisdiction to hear Plaintiff's claims against the individual Defendants.

II.   **This Court Lacks Jurisdiction over Plaintiff's Claims Challenging his 2005 Arrest and Conviction.**

After Plaintiff's claims against the individual Defendants fall away, only Plaintiff's claims that challenge his 2005 arrest and conviction remain. Even if those claims were targeted at the United States, this Court would still lack jurisdiction to consider them. To begin, Plaintiff's claims that challenge his 2005 arrest are barred by 28 U.S.C. § 1500. Even if the Section 1500 bar did

---

[6] To the extent Plaintiff asserts a claim of unlawful imprisonment or confinement, this Court generally lacks jurisdiction over such claims, except in specific circumstances involving, for example, where a conviction has been reversed "on the ground that he is not guilty of the offense of which he was convicted." 28 U.S.C. §§ 1495, 2513(a); *see Bolduc v. United States*, 248 F. App'x 162, 164 (Fed. Cir. 2007). As Plaintiff has not indicated or alleged that his conviction was reversed on innocence grounds, this Court lacks jurisdiction. *See* 28 U.S.C. § 2513(a); *Barber v. United States*, 636 F. App'x 1009, 1010 (Fed. Cir. 2016) (affirming dismissal for lack of jurisdiction where Plaintiff did not indicate that conviction had been reversed).

9

not apply, the Court would still lack jurisdiction over Plaintiff's remaining claims because they challenge the decisions of other federal courts and because Plaintiff fails to invoke a money-mandating statute.

*First*, Plaintiff's claims are barred by Section 1500 as Plaintiff had a pending case in a district court based on the same claims when he filed this action. Section 1500 provides that this Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500. Analysis under Section 1500 involves a two-part inquiry. *Brandt*, 710 F.3d at 1374. The Court must first decide "whether there is an earlier-filed 'suit or process' pending in another court." *Id.* If there is, the court must then analyze "whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Id.* If so, this Court lacks jurisdiction under Section 1500. *Id.*

Step one is met because the present action was filed on November 19, 2024, while Plaintiff's District Court Action was pending.[7] *Compare* Compl. at 9 (showing date Complaint was filed in this Court), *with*, C.D. Ill. Docket at 34–36 (docket sheet showing that Plaintiff's District Court Action was pending when Plaintiff filed the instant action). Thus, the only question remaining is whether the claims asserted by Plaintiff here are "for or in respect to" the claims that Plaintiff asserted in his District Court Action. *Brandt*, 710 F.3d at 1374. The Supreme Court of the United States has explained that "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in [this Court], if they are based on substantially the same operative facts, regardless

---

[7] Although Plaintiff's District Court Action was dismissed on November 25, 2024, whether another suit or process is pending in another court "is determined at the time the complaint is filed with the Court of Federal Claims." *Brandt*, 710 F.3d at 1375; Updated C.D. Ill. Docket at 12–13.

of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011); *see Acetris Health, LLC v. United States*, 949 F.3d 719, 728–29 (Fed. Cir. 2020).

Plaintiff's claims related to his 2005 arrest and subsequent challenges are based on substantially the same operative facts as in the District Court Action. Indeed, a side-by-side comparison of the "History" section of Plaintiff's complaint in the District Court Action and the "History" section of his Complaint filed in this Court reflect a nearly identical recitation of facts. *Compare* District Court Action Compl. at 26–27, *with*, Compl. at 4–7.[8] Both complaints walk through the exact same alleged occurrences surrounding Plaintiff's arrest, conviction, and subsequent attempts to collaterally attack his conviction. District Court Action Compl. at 26–27; Compl. at 5–7. In both cases, Plaintiff challenges his 2005 conviction and the subsequent denials of his many challenges. *See* Compl.; District Court Action Compl. at 25–28; Updated C.D. Ill. Docket at 12–13 (docket text from District Court Action dismissing complaint and noting that Plaintiff is simply challenging his 2005 conviction). The majority of distinctions between the complaints are stylistic, including the addition of specific dates or the use of emphasis. *Compare* District Court Action Compl. at 26–27, *with* Compl. at 5–7. Accordingly, it is evident that Plaintiff's claims related to his 2005 arrest and conviction are barred by Section 1500 because the District Court Action—which is "based on substantially the same operative facts" as the instant action—was pending when he filed the instant action. *Tohono*, 563 U.S. at 317; 28 U.S.C. § 1500.

*Second*, and more fundamentally, Plaintiff's challenge appears to be another attack on his 2005 conviction. It is axiomatic, however, that this Court lacks jurisdiction to review the decision

---

[8] The only substantive deviation from the District Court Action complaint and the instant action's Complaint is (i) a description of the District Court Action and (ii) the addition of more defendants. *Compare* Compl. at 5–7, Supp. at 2, *and* Supp., Attach. A at 4–8, *with* District Court Action Compl. at 26–27. These substantive additions, however, are all claims against individual Defendants or relate to the District Court Action, which this Court lacks jurisdiction to hear. *Supra*, § I.

11

of other courts. *Joshua*, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."); *Jones*, 440 F. App'x at 918. Rather, Plaintiff's potential recourse came through the "the statutorily defined appellate process." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015)). Accordingly, this Court lacks jurisdiction over all of Plaintiff's claims that attempt to challenge his 2005 conviction or any other final determination by a state or federal court.

*Finally*, Plaintiff fails to properly invoke a money-mandating source of law, which is a threshold requirement to bring a case in this Court. *See Fisher*, 402 F.3d at 1172; *Lofton*, 2025 WL 350360, at 1 (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004)). Indeed, Plaintiff's claim that he is "exerting his God given unalienable rights under the Constitutional contract of 1791 to bring this administrative action" fails because constitutional provisions cannot be construed as a contract. Compl. at 3; *Sepehry-Fard v. United States*, No. 2020-1100, 2020 WL 6375161, at *2 (Fed. Cir. July 23, 2020) ("But the Constitution is not an express or implied contract between him and the federal government."); *see also Drake v. United States*, 792 F. App'x 916, 920-21 (Fed. Cir. 2019) (rejecting Plaintiff's breach of an implied contract arising from the Constitution because "even if there were a legal basis for [plaintiff's] reliance on the U.S. Constitution as an implied contract," this Court lacks jurisdiction to consider claims for breach of implied-in-law contracts). Nor does Plaintiff's brief mention that his property, a "motor home," was "confiscated, impounded and ultimately illegally sold by Defendant(s) without any compensation" rise to the level of a Fifth Amendment Taking. Compl. at 4. While, the Takings Clause of the Fifth Amendment can be considered money-mandating in nature, mere reference to a potential taking does not invoke this Court's jurisdiction. *Jan's Helicopter Servs., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008); *Barksdale v. United States*, 582 F. App'x 890, 892 (Fed.

Cir. 2014) ("Despite the use of the word 'taking,' which could be money-mandating under the Fifth Amendment, these are claims under the First and Fourteenth Amendment, which the Claims Court properly ruled was outside its jurisdiction."); *see also McClain v. United States*, No. 24-CV-1818, 2024 WL 4836379, at *3 (Fed. Cl. Nov. 19, 2024) (rejecting passing use of "taking" to invoke jurisdiction under Tucker Act). Here, the Court does not understand Plaintiff to reference a Fifth Amendment taking of property. Instead of requesting compensation for a valid taking, Plaintiff appears to challenge the propriety of the forfeiture itself.[9] *See* Compl. at 4 (claiming his

---

[9] Additionally, any Fifth Amendment taking claim for the motor home is preempted by 21 U.S.C. § 881(a)(4), which is part of the Controlled Substance Act. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1370, 1375 (Fed. Cir. 2001). Section 881(a)(4) provides that vehicles used to transport controlled substances "shall be subject to forfeiture to the United States and no property right shall exist in them." 28 U.S.C. 881(a)(4). Where, as here, Congress provides a "'specific and comprehensive scheme for administrative and judicial review' . . . the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Vereda*, 271 F.3d at 1375 (quoting *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 549–50 (Fed. Cir. 1994)). "Put differently, if a statute sets out its own process for obtaining relief against the United States, that process preempts this Court's jurisdiction." *Montero v. United States*, 162 Fed. Cl. 29, 35 (2022). The Federal Circuit has held that the Controlled Substance Act is one of those statutory schemes. *Vereda*, 271 F.3d at 1374–75. Accordingly, this Court's jurisdiction ends where the Controlled Substance Act's comprehensive remedial scheme begins. *See id.* Here, the motor home was the subject of an *in rem* action brought against Plaintiff's motor home under Section 881(a)(4) in 2005. *See* Case List at 23; Forfeiture Complaint in Rem, *United States v. 2002 Ford Coachman Motor Home, VIN #1FCLF53S510A20302*, No. 5-cv-4084, 2005 WL 3280013 (C.D. Ill. Oct. 21, 2005); Order, *United States v. 2002 Ford Coachman Motor Home, VIN #1FCLF53S510A20302*, No. 5-cv-4084, ECF No. 21 (C.D. Ill. May 2, 2006) (Forfeiture Order). Therefore, Plaintiff cannot challenge the propriety of the forfeiture proceedings here as this Court lacks jurisdiction to review the *in rem* forfeiture proceeding under Section 881. *Vereda*, 271 F.3d at 1375.

Additionally, as noted, this Court lacks jurisdiction to review the decisions of a district court. *Id.* (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal'"); *see also Joshua*, 17 F.3d at 380. Finally, even if Plaintiff could overcome both jurisdictional bars, Plaintiff would still face another jurisdictional challenge, the statute of limitations. *See* 28 U.S.C. § 2501; *see also Callahan v. United States*, 56 F. App'x 947, 948 (Fed. Cir. 2003) (quoting *O'Callahan v. United States*, 451 F.2d 1390, 1393 (Ct. Cl. 1971)) ("Imprisonment is not a legal disability under 28 U.S.C. § 2501, which would extend plaintiff's time for filing suit."); *Grisham v. United States*, 392 F.2d 980, 984 (Ct. Cl. 1968), *overruled on other grounds by Cornetta v. United States*, 851 F.2d 1372, 1381 (Fed. Cir. 1988)).

motor home was "confiscated, impounded and ultimately illegally sold"). Compl. at 4. Regardless, of whether Plaintiff invoked the Takings Clause of the Fifth Amendment, Plaintiff's claim is barred by Section 1500 in any event because it is based on the same underlying facts as the identical claim he lodged in his District Court Action. District Court Action Compl. at 26; Compl. at 4.

## CONCLUSION

Accordingly, as this Court lacks jurisdiction over all of Plaintiff's claims, Plaintiff's claims are **DISMISSED** pursuant to Rule 12(h)(3). The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge